UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NAJMAH TORRES-JUSTINIANO and TAMIKA PARKER as Next Friend of R.T., a Minor Child, as Wrongful Death Representatives of Jose Torres,<br><br>    Plaintiffs,<br><br>v.<br><br>CORECIVIC, INC., TROUSDALE COUNTY, TENNESSEE, LYBRUNCA COCKRELL, MARTIN FRINK, TALBERT JEFFERSON, and JACQUELINE NORMAN,<br><br>    Defendants. | Civil Action Number 3:23-CV-191<br>District Judge Eli J. Richardson<br>Magistrate Judge Jeffrey S. Frensley<br>Jury Demand |

## ANSWER TO FIRST AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants CoreCivic, Inc. ("CoreCivic"), Martin Frink ("Frink"), and Jacqueline Norman ("Norman") answer the allegations of the First Amended Complaint that was filed by Plaintiffs Najmah Torres-Justiniano and Tamika Parker, as Next Friend of R.T., a Minor Child, as Wrongful Death Representatives of Jose Torres.

### FIRST DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
(Answer to First Amended Complaint, Docket Entry 6)

As to each allegation in the First Amended Complaint, Defendants respond as follows:

1.    Defendants deny the allegations in paragraph 1 of the First Amended Complaint and all allegations of wrongdoing.

2. Defendants admit that a lawsuit was filed in the United States District Court for the Middle District of Tennessee styled *Nikki Bollinger Grae, et al. v. Corrections Corporation of America, et al.*, Civil Action Number 3:16-CV-2267. Defendants deny the remaining allegations in paragraph 2 of the First Amended Complaint and all allegations of wrongdoing.

3. Defendants admit that 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a) render jurisdiction proper in this Court and that the Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a). Defendants deny all allegations of wrongdoing.

4. Defendants admit that 28 U.S.C. § 1391(b)(2) renders venue proper in this Court. Defendants deny the remaining allegations in paragraph 4 of the First Amended Complaint and all allegations of wrongdoing.

5. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 5 of the First Amended Complaint.

6. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 6 of the First Amended Complaint.

7. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 7 of the First Amended Complaint.

8. Defendants admit that CoreCivic previously conducted business as Corrections Corporation of America, that CoreCivic is incorporated in the State of Delaware, that CoreCivic's registered agent is CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919, that CoreCivic owns and operates the Trousdale Turner Correctional Center ("Trousdale") under contract with Trousdale County, Tennessee, and that certain prisoners of the State of Tennessee are incarcerated at Trousdale. The allegations in paragraph 8 of the First Amended Complaint that CoreCivic performs a public function traditionally reserved to the state, that CoreCivic acts under

2
315375590.1
Case 3:23-cv-00191   Document 18   Filed 05/03/23   Page 2 of 17 PageID #: 105

color of state law, and that CoreCivic performs government functions are legal conclusions to which no response is required. CoreCivic denies the remaining allegations in paragraph 8 of the First Amended Complaint and all allegations of wrongdoing.

9. The allegations in paragraph 9 of the First Amended Complaint are not directed at Defendants, and no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

10. Defendants admit that Frink is an employee of CoreCivic of Tennessee, LLC, that Frink previously served as the Warden at Trousdale, and that Frink was a resident of the State of Tennessee during the timeframe that is relevant to this lawsuit. The allegations in paragraph 10 of the First Amended Complaint that Frink has policymaking authority, ultimately was responsible for the implementation and oversight of policies at Trousdale, and acted under color of state law are legal conclusions to which no response is required. Defendants deny the remaining allegations in paragraph 10 of the First Amended Complaint and all allegations of wrongdoing.

11. Defendants admit that Defendant Lybrunca Cockrell ("Cockrell") previously served as an employee of CoreCivic of Tennessee, LLC and that Cockrell worked as a Shift Supervisor at Trousdale. The allegation in paragraph 11 of the First Amended Complaint that Cockrell acted under color of state law is a legal conclusion to which no response is required. Defendants deny the remaining allegations in paragraph 11 of the First Amended Complaint and all allegations of wrongdoing.

12. Defendants admit that Defendant Talbert Jefferson ("Jefferson") previously served as an employee of CoreCivic of Tennessee, LLC and that Jefferson worked as a Correctional Officer at Trousdale. The allegation in paragraph 12 of the First Amended Complaint that

Jefferson acted under color of state law is a legal conclusion to which no response is required. Defendants deny all allegations of wrongdoing.

13. Defendants admit that Norman is an employee of CoreCivic of Tennessee, LLC, that Norman serves as an Assistant Warden at Trousdale, and that Norman was a resident of the State of Tennessee during the timeframe that is relevant to this lawsuit. The allegation in paragraph 13 of the First Amended Complaint that Norman acted under color of state law is a legal conclusion to which no response is required. Defendants deny all allegations of wrongdoing.

14. Defendants admit that jurisdiction is proper in this Court. Defendants deny the remaining allegations in paragraph 14 of the First Amended Complaint and all allegations of wrongdoing.

15. Defendants admit that Jose Torres ("Torres") was transferred from The Riverbend Maximum Security Institution ("Riverbend") to Trousdale on September 7, 2021, that Torres was a member of the Latin Kings security threat group, and that Torres was 39-years-old at the time of his death on March 13, 2022. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 15 of the First Amended Complaint regarding events that purportedly occurred at Riverbend and regarding the extent of Torres' involvement in the Latin Kings. Defendants deny the remaining allegations in paragraph 15 of the First Amended Complaint and all allegations of wrongdoing.

16. Defendants deny the allegations in paragraph 16 of the First Amended Complaint and all allegations of wrongdoing.

17. Defendants admit that Gustavo Garcia Reyes ("Reyes") previously was incarcerated at Trousdale.

18. Paragraph 18 of the First Amended Complaint appears to reference an Incident Investigation Report. The Incident Investigation Report speaks for itself, and Defendants deny all allegations in paragraph 18 of the First Amended Complaint that are inconsistent the Incident Investigation Report, the remaining allegations in paragraph 18 of the First Amended Complaint, and all allegations of wrongdoing.

19. Paragraph 19 of the First Amended Complaint appears to reference a Cell / Bed Assignment Page and a Segregation Page on the Tennessee Offender Management Information System ("eTOMIS"). The Cell / Bed Assignment Page and the Segregation Page speak for themselves, and Defendants deny all allegations in paragraph 19 of the First Amended Complaint that are inconsistent with the Cell / Bed Assignment Page and the Segregation Page, the remaining allegations in paragraph 19 of the First Amended Complaint, and all allegations of wrongdoing.

20. Paragraph 20 of the First Amended Complaint appears to reference a Cell / Bed Assignment Page on eTOMIS. The Cell / Bed Assignment Page speaks for itself, and Defendants deny all allegations in paragraph 20 of the First Amended Complaint that are inconsistent with the Cell / Bed Assignment Page, the remaining allegations in paragraph 20 of the First Amended Complaint, and all allegations of wrongdoing.

21. Paragraph 21 of the First Amended Complaint appears to reference a Cell / Bed Assignment Page on eTOMIS and Tennessee Department of Correction ("TDOC") Guidelines. The Cell / Bed Assignment Page and the Guidelines speak for themselves, and Defendants deny all allegations in paragraph 21 of the First Amended Complaint that are inconsistent with the Cell / Bed Assignment Page and the Guidelines, the remaining allegations in paragraph 21 of the First Amended Complaint, and all allegations of wrongdoing.

22. Defendants admit that Reyes was incarcerated in Housing Unit Alpha Alpha on March 11, 2022. Defendants deny the remaining allegations in paragraph 22 of the First Amended Complaint and all allegations of wrongdoing.

23. Defendants admit that Reyes was incarcerated in Housing Unit Alpha Alpha on March 13, 2022. Defendants deny the remaining allegations in paragraph 23 of the First Amended Complaint and all allegations of wrongdoing.

24. Paragraph 24 of the First Amended Complaint appears to reference TDOC Policies, including Policy 502.02. The Policies speak for themselves, and Defendants deny all allegations in paragraph 24 of the First Amended Complaint that are inconsistent with the Policies, the remaining allegations in paragraph 24 of the First Amended Complaint, and all allegations of wrongdoing.

25. Defendants deny the allegations in paragraph 25 of the First Amended Complaint and all allegations of wrongdoing.

26. Paragraph 26 of the First Amended Complaint appears to reference TDOC Policies, including Policy 506.16. The Policies speak for themselves, and Defendants deny all allegations in paragraph 26 of the First Amended Complaint that are inconsistent with the Policies, the remaining allegations in paragraph 26 of the First Amended Complaint, and all allegations of wrongdoing.

27. Paragraph 27 of the First Amended Complaint appears to reference an Incident Investigation Report. The Incident Investigation Report speaks for itself, and Defendants deny all allegations in paragraph 27 of the First Amended Complaint that are inconsistent with the Incident Investigation Report, the remaining allegations in paragraph 27 of the First Amended Complaint, and all allegations of wrongdoing.

28. Defendants deny the allegations in paragraph 28 of the First Amended Complaint and all allegations of wrongdoing.

29. Paragraph 29 of the First Amended Complaint appears to reference an Incident Investigation Report. The Incident Investigation Report speaks for itself, and Defendants deny all allegations in paragraph 29 of the First Amended Complaint that are inconsistent with the Incident Investigation Report, the remaining allegations in paragraph 29 of the First Amended Complaint, and all allegations of wrongdoing.

30. Paragraph 30 of the First Amended Complaint appears to reference an Incident Investigation Report. The Incident Investigation Report speaks for itself, and Defendants deny all allegations in paragraph 30 of the First Amended Complaint that are inconsistent with the Incident Investigation Report, the remaining allegations in paragraph 30 of the First Amended Complaint, and all allegations of wrongdoing.

31. Paragraph 31 of the First Amended Complaint appears to reference an Incident Investigation Report. The Incident Investigation Report speaks for itself, and Defendants deny all allegations in paragraph 31 of the First Amended Complaint that are inconsistent with the Incident Investigation Report, the remaining allegations in paragraph 31 of the First Amended Complaint, and all allegations of wrongdoing.

32. Paragraph 32 of the First Amended Complaint appears to reference an Incident Investigation Report. The Incident Investigation Report speak for itself, and Defendants deny all allegations in paragraph 32 of the First Amended Complaint that are inconsistent with the Incident Investigation Report, the remaining allegations in paragraph 32 of the First Amended Complaint, and all allegations of wrongdoing.

33. Defendants deny the allegations in paragraph 33 of the First Amended Complaint and all allegations of wrongdoing.

34. Defendants deny the allegations in paragraph 34 of the First Amended Complaint and all allegations of wrongdoing.

35. Defendants deny the allegations in paragraph 35 of the First Amended Complaint and all allegations of wrongdoing.

36. Defendants deny the allegations in paragraph 36 of the First Amended Complaint and all allegations of wrongdoing.

37. Paragraph 37 of the First Amended Complaint appears to reference an Incident Investigation Report. The Incident Investigation Report speak for itself, and Defendants deny all allegations in paragraph 37 of the First Amended Complaint that are inconsistent with the Incident Investigation Report, the remaining allegations in paragraph 37 of the First Amended Complaint, and all allegations of wrongdoing.

38. Defendants deny the allegations in paragraph 38 of the First Amended Complaint and all allegations of wrongdoing.

39. Defendants admit that the State of Tennessee conducts periodic audits of the TDOC. Paragraph 39 of the First Amended Complaint appears to reference a 2017 Comptroller Report. The Comptroller Report speaks for itself, and Defendants deny all allegations in paragraph 39 of the First Amended Complaint that are inconsistent with the Comptroller Report, the remaining allegations in paragraph 39 of the First Amended Complaint, and all allegations of wrongdoing.

40. Paragraph 40 of the First Amended Complaint appears to reference a 2020 Comptroller Report. The Comptroller Report speaks for itself, and Defendants deny all allegations

in paragraph 40 of the First Amended Complaint that are inconsistent with the Comptroller Report, the remaining allegations in paragraph 40 of the First Amended Complaint, and all allegations of wrongdoing.

41. Paragraph 41 of the First Amended Complaint appears to reference a 2020 Comptroller Report. The Comptroller Report speaks for itself, and Defendants deny all allegations in paragraph 41 of the First Amended Complaint that are inconsistent with the Comptroller Report, the remaining allegations in paragraph 41 of the First Amended Complaint, and all allegations of wrongdoing.

42. Paragraph 42 of the First Amended Complaint appears to reference a 2020 Comptroller Report. The Comptroller Report speaks for itself, and Defendants deny all allegations in paragraph 42 of the First Amended Complaint that are inconsistent with the Comptroller Report, the remaining allegations in paragraph 42 of the First Amended Complaint, and all allegations of wrongdoing.

43. Defendants deny the allegations in paragraph 43 of the First Amended Complaint and all allegations of wrongdoing.

44. Defendants deny the allegations in paragraph 44 of the First Amended Complaint and all allegations of wrongdoing.

45. Paragraph 45 of the First Amended Complaint appears to reference a 2011 lawsuit that was filed in Idaho and an investigation by the Federal Bureau of Investigation. The pleadings in the lawsuit and the underlying investigation documents speak for themselves, and Defendants deny all allegations in paragraph 45 of the First Amended Complaint that are inconsistent with the pleadings in the lawsuit and the underlying investigation documents, the remaining allegations in paragraph 45 of the First Amended Complaint, and all allegations of wrongdoing.

46. Paragraph 46 of the First Amended Complaint appears to reference a 2017 federal jury verdict. The jury verdict speaks for itself, and Defendants deny all allegations in paragraph 46 of the First Amended Complaint that are inconsistent with the jury verdict, the remaining allegations in paragraph 46 of the First Amended Complaint, and all allegations of wrongdoing.

47. Paragraph 47 of the First Amended Complaint appears to reference several alleged incidents at correctional facilities in Oklahoma. Any documents, investigations, or findings related to those alleged incidents speak for themselves, and Defendants deny all allegations in paragraph 47 of the First Amended Complaint that are inconsistent with the documents, investigations, and findings, the remaining allegations in paragraph 47 of the First Amended Complaint, and all allegations of wrongdoing.

48. Paragraph 48 of the First Amended Complaint appears to reference findings and a 2017 report of the Office of the Inspector General ("OIG"). The findings and report speak for themselves, and Defendants deny all allegations in paragraph 48 of the First Amended Complaint that are inconsistent with the findings and the report, the remaining allegations in paragraph 48 of the First Amended Complaint, and all allegations of wrongdoing.

49. Paragraph 49 of the First Amended Complaint appears to reference a 2016 OIG report. The report speaks for itself, and Defendants deny all allegations in paragraph 49 of the First Amended Complaint that are inconsistent with the report, the remaining allegations in paragraph 49 of the First Amended Complaint, and all allegations of wrongdoing.

50. Defendants deny the allegations in paragraph 50 of the First Amended Complaint and all allegations of wrongdoing.

51. Defendants deny the allegations in paragraph 51 of the First Amended Complaint and all allegations of wrongdoing.

52. Defendants deny the allegations in paragraph 52 of the First Amended Complaint and all allegations of wrongdoing.

53. No response is required to the allegations in paragraph 53 of the First Amended Complaint.

54. The allegation in paragraph 54 of the First Amended Complaint that CoreCivic acts under color of state law is a legal conclusion to which no response is required. Defendants deny the remaining allegations in paragraph 54 of the First Amended Complaint and all allegations of wrongdoing.

55. The allegations in paragraph 55 of the First Amended Complaint contain legal conclusions to which no response is required. Defendants deny all allegations of wrongdoing.

56. Defendants deny the allegations in paragraph 56 of the First Amended Complaint and all allegations of wrongdoing.

57. Defendants deny the allegations in paragraph 57 of the First Amended Complaint and all allegations of wrongdoing.

58. Defendants deny the allegations in paragraph 58 of the First Amended Complaint and all allegations of wrongdoing.

59. The allegations in paragraph 59 of the First Amended Complaint regarding the alleged vicarious liability of Trousdale County, Tennessee contain legal conclusions to which no response is required. Defendants deny the remaining allegations in paragraph 59 of the First Amended Complaint and all allegations of wrongdoing.

60. No response is required to the allegations in paragraph 60 of the First Amended Complaint.

61. Defendants deny the allegations in paragraph 61 of the First Amended Complaint and all allegations of wrongdoing.

62. Defendants admit that Frink previously served as the Warden at Trousdale. Defendants deny the remaining allegations in paragraph 62 of the First Amended Complaint and all allegations of wrongdoing.

63. No response is required to the allegations in paragraph 63 of the First Amended Complaint.

64. The allegations in paragraph 64 of the First Amended Complaint contain legal conclusions to which no response is required. Defendants deny all allegations of wrongdoing.

65. Defendants deny the allegations in paragraph 65 of the First Amended Complaint and all allegations of wrongdoing.

66. Defendants deny the allegations in paragraph 66 of the First Amended Complaint and all allegations of wrongdoing.

67. Defendants deny the allegations in paragraph 67 of the First Amended Complaint and all allegations of wrongdoing.

68. Defendants deny the allegations in paragraph 68 of the First Amended Complaint and all allegations of wrongdoing.

69. No response is required to the allegations in paragraph 69 of the First Amended Complaint.

70. The allegations in paragraph 70 of the First Amended Complaint contain legal conclusions to which no response is required. Defendants deny all allegations of wrongdoing.

71. Defendants deny the allegations in paragraph 71 of the First Amended Complaint and all allegations of wrongdoing.

72. Defendants deny the allegations in paragraph 72 of the First Amended Complaint and all allegations of wrongdoing.

73. Defendants deny the allegations in paragraph 73 of the First Amended Complaint and all allegations of wrongdoing.

74. Defendants deny the allegations in paragraph 74 of the First Amended Complaint and all allegations of wrongdoing.

75. No response is required to the allegations in paragraph 75 of the First Amended Complaint.

76. The allegations in paragraph 76 of the First Amended Complaint contain legal conclusions to which no response is required. Defendants deny all allegations of wrongdoing.

77. The allegations in paragraph 77 of the First Amended Complaint contain legal conclusions to which no response is required. Defendants deny all allegations of wrongdoing.

78. The allegations in paragraph 78 of the First Amended Complaint contain legal conclusions to which no response is required. Defendants deny all allegations of wrongdoing.

79. Paragraph 79 of the First Amended Complaint appears to reference TDOC Policy 506.14. Policy 506.14 speaks for itself, and Defendants deny all allegations in paragraph 79 of the First Amended Complaint that are inconsistent with Policy 506.14 and all allegations of wrongdoing.

80. Paragraph 80 of the First Amended Complaint appears to reference TDOC Policy 506.16. Policy 506.16 speaks for itself, and Defendants deny all allegations in paragraph 80 of the First Amended Complaint that are inconsistent with Policy 506.16 and all allegations of wrongdoing.

81. Paragraph 81 of the First Amended Complaint appears to reference TDOC Policies. The Policies speak for themselves, and Defendants deny all allegations in paragraph 81 of the First Amended Complaint that are inconsistent with the Policies, the remaining allegations in paragraph 81 of the First Amended Complaint, and all allegations of wrongdoing.

82. The allegations in paragraph 82 of the First Amended Complaint contain legal conclusions to which no response is required. Defendants deny all allegations of wrongdoing.

83. Defendants deny the allegations in paragraph 83 of the First Amended Complaint and all allegations of wrongdoing.

84. The allegations in paragraph 84 of the First Amended Complaint contain legal conclusions to which no response is required. Defendants deny all allegations of wrongdoing.

85. Defendants deny the allegations in paragraph 85 of the First Amended Complaint and all allegations of wrongdoing.

86. The allegations in paragraph 86 of the First Amended Complaint regarding the alleged vicarious liability of Trousdale County, Tennessee contain legal conclusions to which no response is required. Defendants deny the remaining allegations in paragraph 86 of the First Amended Complaint and all allegations of wrongdoing.

87. Defendants deny the allegations in paragraph 87 of the First Amended Complaint and all allegations of wrongdoing.

88. No response is required to the allegations in paragraph 88 of the First Amended Complaint.

89. The allegations in paragraph 89 of the First Amended Complaint contain legal conclusions to which no response is required. Defendants deny all allegations of wrongdoing.

90. The allegations in paragraph 90 of the First Amended Complaint contain legal conclusions to which no response is required. Defendants deny all allegations of wrongdoing.

Defendants deny that Plaintiffs are entitled to the relief that they seek in the First Amended Complaint.

All allegations not previously admitted hereby are denied.

### THIRD DEFENSE

Defendants acted at all times relevant to the First Amended Complaint in accordance with common law, statutory law, and constitutional obligations without any actual intent to cause Torres harm.

### FOURTH DEFENSE

All or part of Plaintiffs' claims fail to rise to the level of constitutional violations sufficient to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983").

### FIFTH DEFENSE

Plaintiffs' claims against Defendants brought pursuant to Section 1983 fail to state a claim upon which relief can be granted because Plaintiffs cannot hold Defendants liable for the alleged constitutional violations of others on a *respondeat-superior* theory of liability.

### SIXTH DEFENSE

Defendants were not deliberately indifferent.

### SEVENTH DEFENSE

Plaintiffs' gross negligence, negligence, and negligence per se claims are barred in whole or in part by the doctrine of comparative fault, including the fault of Reyes.

## EIGHTH DEFENSE

Reyes' actions constitute the intervening and superseding cause of any and all injuries that Torres allegedly sustained.

## NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations.

## TENTH DEFENSE

Defendants' liability for punitive damages, if any, is limited by the Due Process Clause of the United States Constitution.

Defendants request that the Court dismiss the First Amended Complaint with prejudice and tax costs to Plaintiffs.

Defendants demand a jury to try this cause.

Respectfully submitted,

/s/ Erin Palmer Polly
Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
erin.polly@klgates.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700
(615) 780-6799

*Counsel for Defendants CoreCivic, Inc., Martin Frink, and Jacqueline Norman*

## CERTIFICATE OF SERVICE

       I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this May 3, 2023, on the following:

Brice M. Timmons
Craig Edgington
Melissa J. Stewart
Donati Law, PLLC
1545 Union Avenue
Memphis, Tennessee 38104

                                               /s/ Erin Palmer Polly