IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NAJMAH TORRES-JUSTINIANO, ET AL., | ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| CORECIVIC, INC., ET AL., | ) ) ) |
| Defendants. | ) ) |

No. 3:23-cv-191

Judge Eli J. Richardson

Magistrate Judge Jeffrey S. Frensley

JURY TRIAL DEMANDED

**NON-PARTY TENNESSEE DEPARTMENT OF CORRECTION'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO QUASH SUBPOENA**

Non-party, Tennessee Department of Correction ("TDOC"), by and through the Office of the Tennessee Attorney General and Reporter, hereby submits its Reply in further support of its Motion to Quash Subpoena, filed on June 26, 2024 (Doc. No. 58). The subject Subpoena commanded Horwitz Law, PLLC, to produce, in relevant part, discovery documents received from non-parties during litigation via non-party subpoenas by July 1, 2024 (Doc. No. 58). Despite efforts by TDOC to extend the production deadline, Horwitz Law, PLLC produced the requested documents on July 1, 2024 (Doc. No. 60, PageID # 406). The following day, Plaintiffs submitted a consolidated response in opposition to both TDOC and General Lawson's motions to quash ("Response") (Doc. No. 60). Plaintiffs claim that TDOC does not have standing to quash the subpoena and that the issue is moot. (*Id.*) Plaintiffs did not contest that TDOC has an interest in the documents or that their possession harms TDOC's interests. (*See generally*, *id.*) Because Plaintiffs' standing and mootness arguments lack merit and Plaintiffs have conceded TDOC's primary arguments by failing to respond, the Subpoena should be quashed.

**LEGAL ARGUMENT**

**I.     TDOC Has Standing to Bring the Instant Motion.**

Plaintiffs claim that only the parties served with a subpoena or those who can assert a claim of privilege have standing to move to quash it. (*See* Doc. No. 60 at Point I.) This argument is without merit. Relevant case law holds otherwise.

Here, TDOC's interest in the confidentiality of the Protected Documents is sufficient to confer standing to quash a subpoena notwithstanding its non-party status, *Boodram v. Coomes*, No. 1:12CV-00057-JHM, 2016 WL 11333789, at *2 (W.D. Ky. Jan. 28, 2016), and those interests must be properly balanced against Plaintiffs' need for production of said documents. A non-party may move to quash or modify a subpoena if it has some personal right or privilege over the documents sought or it would create an undue burden. *See Brown v. Sperber-Porter*, No. CV-16-02801-PHX-SRB, 2017 WL 11482463, at *2 (D. Ariz. Dec. 8, 2017) (collecting cases and describing non-party standing as having "the weight of the case law"). Here, TDOC has standing for two reasons: 1) it has an interest in non-public access to protected confidential information; and 2) it has an interest in protecting the rights secured under the protective order entered in *McGhee-Twilley*. (Doc. No. 59-2.) These rights and privileges were not meaningfully contested by Plaintiffs. (*See* Doc. No. 60.)

Plaintiffs' limited view of standing not only undermines the purpose of privilege, but their understanding of the context of the rules appears flawed. *See* Fed. R. Civ. Pro. 45(d)(3). Rule 45(d)(3)(A) requires that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter . . . [or] subject a person to undue burden." Nowhere in Rule 45(d) does it say

2

that a "party" or the "recipient of the subpoena" is the only one who can file a motion to quash. *Id*.

The two cases cited by Plaintiffs arose in the context of party motion practice for a larger principle not at issue in those cases. (Doc. No. 60 at Point I.) As described above, other courts have directly addressed this issue and have resoundingly found that non-parties do have standing. *Sperber-Porter*, 2017 WL 11482463 at *2. Because TDOC has an undisputed interest in its protected confidential documents being disseminated and because TDOC has an undisputed interest in protecting the rights it secured in the Protective Order, it has standing to quash the subject Subpoena. Therefore, TDOC's Motion to Quash should be granted.

## II.   The Relief Sought by TDOC Has Not Been Mooted.

In their Response, Plaintiffs claim that because Horwitz Law, PLLC has already complied with the Subpoena, the relief sought by TDOC is moot. (Doc. No. 60 at Point II.) It is not. The sole case cited by Plaintiffs in support of their argument is inapposite and TDOC continues to have an interest in the protected confidential documents.

Plaintiffs cite *Comer v. Roosen Varchetti & Olivier, PLLC*, No. CV 17-13218, 2018 WL 11473294 (E.D. Mich. Sept. 5, 2018) for the proposition that "[A] motion to quash a subpoena that has already been honored is moot." (Doc. No. 60 at Point II.) However, *Comer* is not on point. There, the movant argued his motion to quash was not mooted by compliance because the court could prevent the admissibility of the documents produced. *Comer*, 2018 WL 11473294 at *1. The court, however, determined that "[a] motion to quash a subpoena is a challenge to the validity of the subpoena itself and not to the admissibility of the underlying discovery." *Id*. The movant argued that a procedural defect with the subpoena prevented documents from being admissible at trial. *Id*.

This set of facts is distinguishable in two important characteristics: interest and confidentiality.[1] First, TDOC maintains a concrete and particularized interest over its protected confidential documents whereas the movant in *Comer* merely raised a procedural defect with the subpoena. This ongoing interest in the documents is not mooted through compliance—TDOC is and will still actively be harmed by the maintenance of its files by a third party who should not have access to them. Second, the documents produced here are subject to a Protective Order and are labeled "CONFIDENTIAL ATTORNEY'S EYES ONLY." (Doc. No. 60 at Point III.) As a result, the documents were never produced publicly, and the Plaintiff in *McGhee-Twilley* was and remains required by the terms of the Protective Order to not share the documents with any person other than those excepted under the Order. (*See* Doc. No. 59-2.) Unlike a party who had unfettered access to the documents and instantly could have shared or filed the documents publicly, clawing back the documents would still provide complete relief to TDOC because they can still be further disseminated. In other words, the bell has not fully rung.

This distinction between mootness over confidential and nonconfidential documents has been established in similar contexts. *See, e.g.*, *Ohio A. Philip Randolph Inst. v. Obhof*, 802 F. App'x 185, 186-87 (6th Cir. 2020). In *Obhof*, the Sixth Circuit addressed an appeal from a denial of a motion to quash in a case that had already been addressed on the merits. *Id*. There, the Sixth

---

[1] The cases cited in *Comer* are inapposite for similar reasons. One involved a motion to quash based on HIPAA compliance, where the documents had already been produced with proper redactions. *Stella v. Memphis Obstetrics & Gynecological Ass'n, P.C.*, No. 03-2757-DV, 2004 WL 792774, at *1 (W.D. Tenn. Feb. 11, 2004). Another involved a case where the only non-parties whose motions to quash were mooted because those nonparties included the sought-after information in their court filings. *Est. of Romain v. City of Grosse Pointe Farms*, No. 14-12289, 2016 WL 9077688, at *4 (E.D. Mich. Oct. 13, 2016). The final case dealt with an undue burden challenge to a deposition that was mooted because the party had already sat for her deposition. *Gentille v. Kohl's Dep't Stores, Inc.*, No. 2:16-MC-54, 2016 WL 6080285, at *4 (S.D. Ohio Oct. 18, 2016). None of these cases dealt with the ongoing interests of non-parties.

Circuit held that "[w]ith respect to public documents, we cannot grant meaningful relief" because the documents are already widely available to the public. *Id.* at 186.  However, with respect to "documents that remain confidential, this appeal is moot for a *different reason*:" the third parties already received the relief they wanted because the final decision on the merits required the sides to destroy all copies in their possession. *Id.* at 186-87 (emphasis added).  Here, the documents remain confidential, so TDOC would still be able to get "meaningful relief" by granting the Motion to Quash and requiring Plaintiffs to destroy the documents it received from Horwitz Law, PLLC.  The issue is not moot.

### III. TDOC Has Not Agreed that the Subject Protective Order Governs Documents Produced in This Matter.

Plaintiffs style their third argument as "Plaintiffs have agreed to maintain these documents in accordance with the protective orders entered into between Mr. Horwitz and the non-parties." (Doc. No. 60 at Point III.)  TDOC has not entered into an agreement with Plaintiffs or their counsel regarding its protected confidential documents or the Protective Order in *McGhee-Twilley*.  In any event, TDOC maintains that the protection that needs to be afforded to its documents requires that the Subpoena be quashed.  *See Atlantech, Inc. v. Am. Panel Corp.*, No. 11-50076, 2011 WL 2078222, at *6 (E.D. Mich. May 24, 2011) (citing *Insulate Am. v. Masco Corp.*, 227 F.R.D. 427, 434 (W.D. N.C. 2005)) ("noting that despite a protective order in the underlying case there was a question as to whether the protective order would protect documents produced by a non-party").

Further, despite Plaintiffs' claim that TDOC was "dilatory" in its effort to quash the Subpoena (Doc. No. 60 at Point III.), it was timely under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 45(d)(3)(A).

For these reasons, Plaintiffs' claim that the Protective Order governs the subject documents in this case is without merit.

5
Case 3:23-cv-00191   Document 62   Filed 07/09/24   Page 5 of 7 PageID #: 424

## CONCLUSION

Plaintiffs have made no attempt to justify the validity of their Subpoena. Meanwhile, TDOC continues to be harmed by the inappropriate disclosure of documents through the invalid Subpoena *and* faces future harm from potential future disclosure. The Subpoena should be quashed, and Plaintiffs should be ordered to return TDOC's protected confidential documents and delete all documents and information obtained through the invalid Subpoena.

Respectfully submitted,

**JONATHAN SKRMETTI**
**Attorney General and Reporter**

s/ *Toni-Ann M. Dolan*
TONI-ANN M. DOLAN, BPR # 040020
Assistant Attorney General
Law Enforcement and
Special Prosecutions Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
Office: (615) 741-6739
toni-ann.dolan@ag.tn.gov

*Attorney for Non-Party*
*Tennessee Department of Correction*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing **Non-Party Tennessee Department of Correction's Reply in Further Support of its Motion to Quash Subpoena** was filed electronically and served through the ECF system on this 9th day of July 2024, to:

Craig A. Edgington
Brice M. Timmons
Melissa J. Stewart
Donati Law, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
(901) 278-1004
craig@donatilaw.com
brice@donatilaw.com
melissa@donatilaw.com
*Counsel for Plaintiffs*

Joe Welborn
Erin Palmer Polly
Terrence M. McKelvey
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6733
Joe.welborn@klgates.com
Erin.polly@klgates.com
Terrence.mckelvey@klgates.com
*Counsel for Defendants*

David Wickenheiser
Assistant Attorney General
Law Enforcement and Special Prosecutions Division
Office of the Tennessee Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
615.532.7277
David.Wickenheiser@ag.tn.gov
*Counsel for Non-Party General Lawson*

*Parties may access this filing through the Court's electronic filing system.*

                                          *s/ Toni-Ann M. Dolan*
                                          TONI-ANN M. DOLAN