IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NAJMAH TORRES-JUSTINIANO, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )    Case No. 3:23-cv-00191 |
| | )    Judge Richardson/Frensley |
| CORECIVIC, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

## I. INTRODUCTION

Tamika Parker brought this lawsuit against CoreCivic, Inc. ("CoreCivic") d/b/a/ Trousdale Turner Correctional Facility; Trousdale County, Tennessee; and four CoreCivic employees (collectively, "Defendants") alleging violations of the Civil Rights Act of 1871, 42 USC § 1983 and § 1988, and Tennessee common law arising out of the death of Jose Torres at the hands of another inmate while he was incarcerated at Trousdale Turner Correctional Facility ("TTCF").[1] Docket No. 6 (First Amended Complaint). Defendants have filed a Motion for Summary Judgment, which is pending. Docket No. 81.

This matter is now before the Court upon "Plaintiff's Amended Opposed Motion to Compel Discovery Production and for Extension of Time to Take Relevant 30(b)(6) Deposition," filed by Ms. Parker.[2] Docket No. 79. Ms. Parker has filed several supporting documents. Docket Nos. 79-1 through 79-3. Defendants have filed a Response in Opposition. Docket No.

---

[1] Najmah Torres-Justiniano was originally a plaintiff in this action, but has since been dismissed. Docket No. 70.
[2] This document also comprises Ms. Parker's Supporting Memorandum.

80. For the reasons set forth below, Ms. Parker's Motion (Docket No. 79) is GRANTED IN PART.

## II. LAW AND ANALYSIS

### A. Discovery and Motions to Compel

Discovery in federal court is governed by the Federal Rules of Civil Procedure, which provide that a party may request production of documents or other tangible items as long as the information sought is within the scope of discovery. Fed. R. Civ. P. 34(a); *see also* Fed. R. Civ. P. 26(b)(1). In general, the scope of discovery extends to nonprivileged information that is relevant to any party's claim or defense, regardless of whether the information sought is admissible, that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

The Rules were amended, effective December 1, 2015, in part to address the alleged costs and abuses attendant to discovery. Under Rule 26, "[t]here is now a specific duty for the court and the parties to consider discovery in the light of its 'proportional[ity] to the needs of the case . . . .'" *Turner v. Chrysler Grp. LLC*, No. 3:14-1747, 2016 U.S. Dist. LEXIS 11133, at *2, (M.D. Tenn. Jan. 27, 2016), *quoting* Fed. R. Civ. P. 26(b)(1). The following factors are relevant to a consideration of whether the scope of discovery is proportional:

> (1) the importance of the issues at stake in the action,
> (2) the amount in controversy,
> (3) the parties' relative access to relevant information,
> (4) the parties' resources,
> (5) the importance of the discovery in resolving the issues, and
> (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (numbering added). "Nevertheless, the scope of discovery is, of course, within the broad discretion of the trial court." *United States v. Carell*, No. 3:09-0445, 2011 U.S. Dist. LEXIS 57435 at *5 (M.D. Tenn. May 26, 2011), *quoting Lewis v. ACB Bus. Servs., Inc.*, 135

F.3d 389, 402 (6th Cir. 1998) (internal quotation marks omitted).

After making a good faith effort to resolve a dispute, a party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1). The moving party "must demonstrate that the requests are relevant to the claims or defenses in the pending action." *Carell*, 2011 U.S. Dist. LEXIS 57435 at *5, *quoting Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309-10 (W.D. Tenn. 2008) (internal quotation marks omitted). "Relevance for purposes of discovery is broadly construed and the information sought need not be admissible to be discoverable." *T.C. ex rel S.C. v. Metro Gov't of Nashville & Davidson Cty.*, No. 3:17-01098, 2018 WL 3348728, 2018 U.S. Dist. LEXIS 113517, at *17 (M.D. Tenn. July 9, 2018). "If relevancy is shown, the party resisting discovery bears the burden of demonstrating why the request is unduly burdensome or otherwise not discoverable under the Federal Rules." *Carell*, 2011 U.S. Dist. LEXIS 57435, at *5 (internal quotation marks and citation omitted).

The Court has the authority under Rule 26(b)(2)(C) to limit the frequency or the extent of discovery otherwise allowed by the rules. The Sixth Circuit has observed that "the desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Surles v. Greyhound Lines, Inc.*, 474 F. 3d 288, 305 (6th Cir. 2007), *quoting Scales v. J. C. Bradford*, 925 F. 2d 901, 906 (6th Cir. 1996) (internal quotation marks omitted). As to the judge's role in discovery disputes, "[t]he revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery." *Surles,* 474 F. 3d at 305.

B. <u>Ms. Parker's Motion to Compel and for Extension of Time</u>

Ms. Parker filed a "Motion to Modify Case Management Order [ECF No. 52] Due to Department of Justice Investigation Into Defendant," asking for an extension of the discovery

3

deadline to allow her to seek additional discovery related to the Department of Justice Investigation that arose during the course of this litigation. Docket No. 66. The Court granted the extension, finding that "[t]his case involves conduct alleged to have occurred at [TTCF] and the basis upon which [Ms. Parker seeks] to extend the discovery deadline relates to recent developments regarding [TTCF] which may be relevant to the instant case." Docket No. 75, p. 2.

Ms. Parker then propounded the following discovery requests to CoreCivic:

> **REQUEST NO. 1:** Please produce copies of any and all correspondence(s), whether in electronic mail or in traditional format, from or to any employee of the Department of Justice related to its investigation of Trousdale Turner Correctional Center which was announced in August 2024.
>
> . . .
>
> **REQUEST NO. 2:** Please produce copies of any and all documentation requested by, provided to, or inspected by the Department of Justice during the course of its investigation. If these documents were provided to the Department of Justice via electronic mail, please ensure that a copy of the correspondence to the Department of Justice transmitting the documents is provided.

Docket No. 79-1, p. 1-2. CoreCivic responded by objecting and without producing documents. *Id.*

As the movant, Ms. Parker has the burden to demonstrate the relevance of the documents she seeks to compel. *Carell*, 2011 U.S. Dist. LEXIS 57435 at *5. Referring to the Court's prior Order allowing additional discovery, Ms. Parker "avers that this Court has already made a ruling that the requested communications and documents **could** lead to the discovery of admissible evidence." Docket No. 79, p. 5 (emphasis in original).

Defendants argue that Ms. Parker "fails to satisfy her burden in that regard, as her additional document requests are facially overbroad and seek improper cloned discovery, and her

4

Case 3:23-cv-00191    Document 91    Filed 05/05/25    Page 4 of 6 PageID #: 766

Motion does not provide any explanation of how the requests are relevant to the matters at issue in this case." Docket No. 80, p. 9.

Setting aside the issue of "cloned discovery" and when, if ever, it may be appropriate, the Court agrees. In its prior Order, the Court held that recent developments related to TTCF *may* be relevant to this case, not that all documents and communications touching the Department of Justice investigation are automatically relevant. Docket No. 75, p. 2. The burden of demonstrating that her requests seek relevant information remains with Ms. Parker. *Carell*, 2011 U.S. Dist. LEXIS 57435 at *5. Instead, Ms. Parker propounded vague, overbroad requests and does not attempt, in her Motion, to connect them to the claims and defenses in this matter as required.

Defendants argue that "at most, the Court should convene a discovery conference for purposes of significantly narrowing [Ms. Parker's] document requests," asserting that CoreCivic "remains willing to discuss a potential resolution of the dispute" and that it "even offered to identify suggested categories of documents that it produced to the DOJ as a starting point for continued discussions between the parties . . . ." Docket No. 80, p. 12.

Because this case has reached an advanced stage and a motion for summary judgment is already pending, the Court declines to order the Parties to have further discussions regarding the outstanding requests. Instead, the Court will exercise its discretion and authority under the Federal Rules to limit the scope of those requests. Fed. R. Civ. P. 26(b)(2)(C); *see Surles*, 474 F. 3d 288, 305. The Court will narrow the requests to seek only documents related to the issue of staffing at TTCF from March 14, 2020, through March 14, 2022, the day of Mr. Torres's death. Docket No. 6, p. 8-9. Allegations of understaffing are a foundation of Ms. Parker's claims, and the Court takes judicial notice of the fact that CoreCivic is facing public accusations outside of

5

this lawsuit related to staffing concerns at TTCF. Additionally, the Court finds that the narrowed requests seek information that is proportional to the needs of the case, after considering all of the factors set forth in Rule 26, particularly the Parties' relative access to relevant information. Fed. R. Civ. P. 26(b)(1).

### III. CONCLUSION

For the foregoing reasons, Ms. Parker's Motion (Docket No. 79) is GRANTED IN PART. Defendants must produce documents to Ms. Parker as described above no later than May 19, 2025. Ms. Parker may take the deposition of CoreCivic's corporate representative under Rule 30(b)(6) no later than June 9, 2025.[3]

**IT IS SO ORDERED.**

**Jeffery S. Frensley**
**United States Magistrate Judge**

---

[3] CoreCivic states that it "does not object to [Ms. Parker's] request for an extension of time to take a Rule 30(b)(6) deposition of a CoreCivic corporate representative pending resolution of this dispute, as CoreCivic appreciates that the Court granted [Ms. Parker] leave to take a 30(b)(6) deposition and that this dispute is relevant to the manner in which that deposition ultimately will proceed." Docket No. 80, p. 3, n.2.