UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TAMIKA PARKER as Next Friend of R.T., a minor child, and as Wrongful Death Representative of Jose Torres, <br><br> PLAINTIFF, <br><br> v. <br><br> CORECIVIC d/b/a "TROUSDALE TURNER CORRECTIONAL FACILITY," TROUSDALE COUNTY, TENNESSEE; a Tennessee municipality; WARDEN MARTEN FRINK, in his individual capacity; LYBRUNCA COCKRELL, in her individual capacity; TALBERT JEFFERSON, in his individual capacity; and JACQUELINE NORMAN, in her individual capacity, <br><br> DEFENDANTS. | Case No. 3:23-cv-00191 <br> **District Judge Eli J. Richardson** <br> **Magistrate Judge Jeffery S. Frensley** <br><br><br><br><br><br> **JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

### PLAINTIFF'S MOTION REGARDING SEALED EXHIBITS TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW,** Plaintiff Tamika Parker, as Next Friend of R.T. a Minor Child, and as Wrongful Representative of Jose Torres ("Plaintiff"), by and through counsel of record, and hereby address the sealing of the following documents:

Plaintiff has submitted 7 documents under seal to the Court pursuant to the Court's protective order. Three of the documents were obtained from the office of the Tennessee Attorney General and were sealed by agreement and approval of a concomitant branch of this Court because

they pertain to an active murder prosecution. Plaintiff requests that documents ECF 93, 94, and 95 remain sealed on that basis.

Plaintiff erroneously filed a set of falsified handwritten rounds notes from 2022 that Defendant had marked as "confidential – attorney eyes only" publicly. Defendant has insisted that "Our general concern is that documents like post orders and log books reflect security procedures that should not be subject to public disclosure," and has refused to agree that even forgeries from years prior have no bearing on their actual operations and should be filed in the public record. Within 3 minutes of discovering the error, Plaintiff's counsel contacted the Clerk's office to request that a placeholder be substituted for **ECF No. 92-5** pending this Court's adjudication of the issue.

Defendant also opposes the open filing of four other documents. Defendant insists that Plaintiff is obligated by the protective order to request that the documents be sealed. In light of recent Sixth Circuit precedent, Plaintiff does not believe that the seal can be justified under controlling law. Plaintiff respectfully moves this Court to lift the seal on the following filings:

- Exhibit A: CoreCivic Post Order 30 – Special Housing Unit ECF No. 96 should replace the placeholder filing at ECF No. 92-1,

- Exhibit B: March 28, 2022 Write-Up and Dismissal Record ECF No. 97 should replace the placeholder filing at ECF No. 92-2,

- Exhibit C: January–February 2022 ACA Reaccreditation Audit ECF No. 98 should replace the placeholder filing at ECF No. 92-3,

- Exhibit E: Forged Log Notes from March 13, 2022 was filed unintentionally filed publicly. Plaintiff's counsel has contacted the Clerk of Court to attempt to replace it with a placeholder. It is currently filed at ECF No. 92-5. Plaintiff has also filed it under seal at ECF No. 101.

2

Case 3:23-cv-00191   Document 102   Filed 05/12/25   Page 2 of 6 PageID #: 2069

Defendants' marked these exhibits "Confidential – Attorney Eyes Only" in discovery despite containing no trade secrets, privileged content, or confidential personal information warranting such protection. Plaintiff had no specific intent to file the documents until the completion of her response to the Defendant's Motion for Summary Judgment and promptly notified Defendant of its intent to use the documents. Defendant opposed their open filing and insisted that Plaintiff seek leave to file them under seal.

The Sixth Circuit's recent holding in *Grae v. Corrections Corp. of Am.*, No. 24-5839, 25a0096p.06 (6th Cir. Apr. 17, 2025) absolutely precludes such documents from being kept under seal. In light of *Grae,* Plaintiff requests that this Court order those documents unsealed.

**I. Standard for Sealing**

There is a "strong presumption in favor of openness" regarding judicial records. *Grae*, slip op. at 2 (citing *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)). The burden of overcoming this presumption lies with the party seeking to seal the documents, and only the most compelling reasons justify the restriction of public access. *Grae*, slip op. at 5. In order to seal documents, a court must "set forth specific findings and conclusions which justify nondisclosure to the public." *Id.* at 5–6 (quoting *Shane Group*, 825 F.3d at 306). The Court must also explain "why the seal itself is no broader than necessary." *Id.* at 2.

**II. Application to the Exhibits at Issue**

The three exhibits under seal here are central to Plaintiff's claims and Defendants' Motion for Summary Judgment. They are therefore judicial records subject to the strong presumption of access.

1. ECF No. 96 – CoreCivic Post Order 30 is a facility-level operational policy governing restrictive housing at TTCC. It is not a trade secret, does not contain sensitive security procedures beyond routine correctional practice, and has been routinely cited in litigation and public audit reports.

2. ECF No. 97 – March 28, 2022 Write-Up and Dismissal documents CoreCivic's disciplinary handling of a known assaultive inmate. It does not contain personally identifiable health or security information and directly relates to the decision-making processes challenged in this case.

3. ECF No. 98 – ACA Reaccreditation Audit was prepared by an external accrediting body and includes operational findings on TTCC staffing and inmate care. These matters are central to the public interest and the constitutional violations alleged here. The audit does not contain confidential personnel data or investigative privileges.

4. ECF No. 101 – Handwritten Forged Log Notes – was prepared by two CoreCivic correctional officers who did not conduct their required rounds the night on which Jose Torres was murdered by his cellmate in an effort to conceal their failure yet recorded that they did so. A TDOC investigation revealed the fabrication. CoreCivic still insists that these documents: "reflect security procedures that should not be subject to public disclosure," even though they are just a handwritten list of rounds that no one actually conducted.

None of these documents qualifies as privileged, classified, or proprietary under the standards articulated in *Grae* and its predecessor cases (*Shane Group*, *Knoxville News-Sentinel*). As such, maintaining the seal on these judicial records is improper. Moreover, these documents are not merely of the *type* that the *Grae* Court considered inappropriate to seal, they relate to the same litigant. They are *exactly* the type of documents that the *Grae* Court unanimously explained must not be sealed, and, thus, binding precedent does not permit these documents to remain sealed.

### III. Defendants Cannot Meet Their Burden to Seal the Records

As the Sixth Circuit emphasized in *Grae*, "[m]ere assertion[s] of [confidentiality]" do not meet the burden. *Grae*, slip op. at 5. If Defendants wish to maintain the seal, they must justify—with specificity and on a line-by-line basis—why redaction, rather than wholesale sealing, would be insufficient. Their only response to Plaintiff's request was to state: "Our general concern is that documents like post orders and log books reflect security procedures that should not be subject to public disclosure."

### IV. Conclusion

As to the first three documents ECF Nos. 93, 94, and 95, a concomitant court has determined that they relate to the Tennessee Attorney General's interest in prosecuting a crime and should remain sealed. Relating to ECF Nos. 96, 97, 98, and 101, the public interest in open court proceedings outweighs any generalized confidentiality interest in these documents. Because these exhibits contain no sensitive personal data, no trade secrets, and no information justifying secrecy under Sixth Circuit standards, the seal must be lifted.

Respectfully submitted,

*/s/Brice M. Timmons*
Craig A. Edgington (TN Bar #38205)
Brice M. Timmons (TN Bar #29582)
WATSON BURNS, PLLC
5865 Ridgeway Center Parkway;
Suite 300
Memphis, Tennessee 38210
Tel. (901) 529-7996
cedgington@watsonburns.com
btimmons@watsonburns.com

## CERTIFICATE OF CONSULTATION

I certify that Plaintiff's counsel has consulted with Terrence McKelvey and Erin Polly on May 12, 2025 regarding the relief sought in this motion, and that Defendant opposes the relief sought herein.

*/s/Brice M. Timmons*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served via e-transmission and/or the Court's ECF filing system this 12th day of May 2025, on the following:

Joseph F. Welborn, III (#15076)
Erin Palmer Polly (#22221)
Terrence M. McKelvey (#36531)
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
terrence.mckelvey@klgates.com
erin.polly@klgates.com
*Counsel for Defendants CoreCivic, Inc.,*
*Trousdale County, Tennessee, Martin Frink, and Jacqueline Norman*

*/s/ Brice M. Timmons*