IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| NAJMAH TORRES-JUSTINIANO; and TAMIKA PARKER as Next Friend of R.T., a minor child, as Wrongful Death Representatives of Jose Torres.<br><br>PLAINTIFFS,<br><br>v.<br><br>CORECIVIC d/b/a "TROUSDALE TURNER CORRECTIONAL FACILITY,"; TROUSDALE COUNTY, TENNESSEE; a Tennessee municipality; WARDEN MARTEN FRINK, in his individual capacity; LYBRUNCA COCKRELL, in her individual capacity; TALBERT JEFFERSON, in his individual capacity; and JAQUELINE NORMAN, in her individual capacity,<br><br>DEFENDANTS. | Case No. 3:23-cv-00191<br><br>**COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW**<br><br>**JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO REDACT AND SEAL IN PART "PLAINTIFF'S UNOPPOSED MOTION FOR MINOR SETTLEMENT"**

**COME NOW** the Plaintiff, Tamika Parker ("Plaintiff"), as next friend of R.T., a minor child, and as Wrongful Death Representative of Jose Torres, by and through her undersigned counsel, hereby moves this Court to permit her to file under seal *Plaintiff's Unopposed Motion for Minor Settlement'* ("Motion") and to file a redacted version of the document in the public record. In support thereof, Plaintiff states as follows:

The parties have reached an agreed resolution of the claims in this matter that will resolve all pending claims and result in final dismissal of this matter, but the claim is subject to Court

approval because Plaintiff is a minor child whose mother brought this suit as "next friend." Although this claim is prosecuted by Tameka Parker, as next friend of R.T., a minor child, and as Wrongful Death Representative of Jose Torres (deceased), all funds recovered through resolution of this case (after fees and expenses), must be distributed among R.T. and Decedent's two (2) adult children as they are the heirs at law of Decedent. R.T. asserts that she is also entitled to an equitable share of the settlement for the state law claims for loss of consortium damages attributable to unpaid child support that can never be recovered. Only R.T. has pursued claims in her own name to conclusion, with one adult child never having pursued claims at all and the other having withdrawn from this suit following her deposition in this matter.

Because this case involves the assertion of federal law claims in a federal forum, this Court has jurisdiction to review the settlement terms and must make an independent determination that the settlement is in the best interest of the minor and requires court approval. Thus, the parties are required to file a motion seeking this Court's approval of the settlement terms. Federal Rule of Civil Procedure 17(c) authorizes the Court to enter orders necessary to protect a minor's interest in litigation pending before it, including orders approving or declining to approve the compromise of a minor's claims. *See Jarrett v. Shelby County,* Case No. 2:21-cv-02358, ECF 190 (WDTN June 30, 2023 (approving minor settlement in §1983 litigation).

Plaintiff requests that this Court grant her leave to file her Unopposed Motion to Approve the Minor Settlement under seal with a redacted copy filed in the record. Plaintiff recognizes the Sixth Circuit's presumption in favor of open access to court records, and that any request to seal documents must be narrow and tailored to serve a compelling reason that justifies sealing the document, and that all documents must be analyzed on a document-by-document basis. *See Shane Group, Inc. v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299, 305 (6th Cir.

2

2016). The Sixth Circuit has recognized that a "strong presumption" exists in favor of keeping court records open to the public. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177-79 (6th Cir. 1983) ("Throughout our history, the open courtroom has been a fundamental feature of the American judicial system."). In determining whether to seal a document, "a court must balance the litigants' privacy interests against the public's right of access" given the strong presumption of openness. *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016). A need to protect the privacy and welfare of minors can justify sealing court records in certain circumstances. *See, e.g., Davis v. Alcoa, Inc., No.* 17-13658, 2019 WL 3346075, at *2 (E.D. Mich. June 10, 2019) ("The Court finds, nevertheless, that concern for the welfare of the minor and impaired adult beneficiaries [in the case] supplies a sufficiently compelling basis to warrant sealing of the terms of the settlement agreements in this instance."). In *Nall v. Vincent*, the Western District of Kentucky approved a similar minor settlement in a similar case and ordered that sealing and redaction be conducted in precisely the manner that Plaintiff requests here. *Nall v. Vincent,* No. 3:20-cv-00561, Doc. 88 (W.D. Ky. Sept. 17, 2024).

Here, Plaintiff seeks leave to file a redacted version of her *Unopposed Motion to Approve Minor Settlement*, and to file the Settlement Agreement itself under seal. Plaintiff submits along with this motion "Exhibit A," a proposed redacted copy of the Motion, and Sealed Exhibits B & C, which are a copy of the Motion with the redacted portions highlighted for review and a copy of the settlement agreement itself. The terms of the agreement that the Plaintiff seeks to seal are solely between the private Plaintiff and the private Defendant, Corecivic, and its employees. The public officer defendants did not participate in the settlement negotiations and the claims against them are voluntarily dismissed independent of the settlement agreement. There are no absent parties unable to participate as there would be in a collective or

class action. The other beneficiaries explicitly elected not to bring suit in one instance and to withdraw from suit in the other, and there are no agreements or fiduciary relationships that Plaintiff or Torres have toward the non-party beneficiaries other than the obligation to pay the settlement consistently with this Court's order. The private concern for protecting the minor, who is a beneficiary of proceeds, is substantial, as she could be easily exploited if the financial terms of the settlement became widely known.

Further, confidentiality of the settlement terms is a material term of the agreement. Plaintiff recognizes that their interest in keeping the terms of the settlement confidential is not by itself sufficiently compelling to overcome a strong public interest in obtaining information contained in court records, *See Shane Grp., Inc.,* 825 F.3d at 305, but the only information that the Plaintiff is asking the Court to keep confidential are the settlement terms that the Court is reviewing to ensure that the consideration is fair to the minor. That consideration would not exist but for the Plaintiff's agreement to maintain confidentiality; it would directly controvert the purpose of the Court's review if the act of reviewing forced a violation of the very terms to which Plaintiff agreed and thereby deprive them of the consideration set forth in the agreement. Here, the Court's interest in reviewing a document which, but for the Court's need to protect the minor, would not be put into the record at all. *See also Jackson v. Gen. Elec. Aviation,* No. 1:19-cv-629, 2020 WL 5290535 at *2 (S.D. Ohio Sept. 4, 2020) ("private parties' interest in maintaining the confidentiality of the settlement discussions can provide a basis to overcome the presumption of public access to those records").

Here, each redaction specifically relates to the financial terms of the settlement and explicitly redact information from which the public could discern financial information of R.T., a minor child. This is precisely the reasoning the Western District of Kentucky applied in issuing

4

Case 3:23-cv-00191    Document 123    Filed 01/16/26    Page 4 of 6 PageID #: 2314

its order in *Nall*, above, and this Court should apply the same rationale.

Therefore, Plaintiff respectfully requests the Court's permission to file her Unopposed Motion for Approval of a Minor Settlement in a redacted form with the complete motion to be submitted under seal, along with the settlement agreement, for the consideration of the resolution.

Respectfully submitted,

BY: /s/*Brice M. Timmons*
Brice M. Timmons (TN Bar #29582)
Craig A. Edgington (TN Bar #38205)
WATSON BURNS, PLLC
5865 Ridgeway Center Parkway; Suite 300
Memphis, Tennessee 38210
Tel. (901) 529-7996
btimmons@watsonburns.com
cedgington@watsonburns.com
*Attorneys for Plaintiff*

## CERTIFICATE OF CONSULTATION

I, the undersigned, hereby certifies that I consulted with Defendants' counsel on January 8, 2026, and there is no opposition to this motion.

*/s/Brice M. Timmons*

5

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served via e-transmission and/or the Court's ECF filing system on this the 16th day of January 2026 on the following:

Joseph F. Welborn, III (#15076)
Erin Palmer Polly (#22221)
Terrence M. McKelvey (#36531)
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
terrence.mckelvey@klgates.com
erin.polly@klgates.com
*Counsel for Defendants CoreCivic, Inc.,
Trousdale County, Tennessee, Martin Frink,
and Jacqueline Norman*

/s/Brice M. Timmons