# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

_____

|  |  |
|---|---|
| TAMIKA PARKER as Next Friend of R.T., a Minor Child, as Wrongful Death Representatives of Jose Torres, )<br><br>Plaintiff, )<br><br>v. )<br><br>CORECIVIC, INC., TROUSDALE COUNTY, TENNESSEE, LYBRUNCA COCKRELL, MARTIN FRINK, TALBERT JEFFERSON, and JACQUELINE NORMAN, )<br><br>Defendants. ) | Case No. 3:23-cv-191<br><br>District Judge Eli J. Richardson<br>Magistrate Judge Jeffrey S. Frensley |

_____

## PLAINTIFF'S UNOPPOSED MOTION FOR
## APPROVAL OF MINOR SETTLEMENT

_____

Plaintiff, Tamika Parker as Next Friend of R.T., a Minor Child, as Wrongful Death Representative of Jose Torres, ("Plaintiff"), by and through her undersigned counsel, motion this Honorable Court to approve the settlement of all claims asserted by or on behalf of the Minor Plaintiff against CoreCivic Defendants in this action. In support hereof, Plaintiff states as follows:

Plaintiff requests that this Court review and approve the terms of the settlement filed contemporaneously with this motion. Because the settlement includes claims belonging to a minor child it requires court approval. Federal Rule of Civil Procedure 17(c) provides, in relevant part:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem -- or issue another appropriate order -- to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2).

## EXHIBIT A

Rule 17(c) authorizes the Court to enter orders necessary to protect a minor's interests in litigation pending before it, including orders approving or declining to approve the compromise of a minor's claims.

Tennessee law independently requires judicial approval of settlements involving minors. Tennessee Code Annotated § 29-34-105(a) provides that: "No claim of a minor shall be compromised or settled except under the supervision of a court of competent jurisdiction." When a minor's claims are pending in federal court, the federal district court exercising jurisdiction over the case is a court of competent jurisdiction for purposes of § 29-34-105. *See Jarrett v. Shelby County,* Case No. 2:21-cv-02357, ECF 190 (WDTN June 30, 2023) (approving minor settlement in §1983 litigation).

**Procedural History**

The above-captioned case arises from the death of Jose Torres on March 14, 2022. Jose Torres ("Decedent") was an inmate at the Trousdale Turner Correctional Facility (hereinafter "TTCF") at the time of his death. Plaintiff filed suit on behalf of R.T. along with Najmah Torres-Justiniano ("Ms. Torres-Justiniano"), an adult child of Decedent. Decedent has one other adult child, Jose Torres, Jr. ("Torres Jr."), who is incarcerated and serving a life sentence without parole in Florida. Torres Jr. did not participate in the litigation but is an heir at law. ████████████ ████████████████████████████████████████████████████████████████████ ████████████████████

R.T. is a sixteen-year-old minor and college bound high school student who has been raised exclusively by her mother, Plaintiff, who is employed at Le Bonheur Children's Hospital in Memphis, Tennessee. R.T. is an heir at law.

The Complaint alleges two types of actions, 42 U.S.C. § 1983 violations of Torres' Eighth Amendment rights and negligence claims under Tennessee state law. Wrongful death claims arising under § 1983 do not permit recovery for loss of consortium damages. Tennessee state law claims for wrongful death do permit recovery for loss of consortium damages.

R.T. was the intended beneficiary of child support owed by Jose Torres under Tennessee law. Plaintiff through the State of Tennessee child support services, attempted to establish child support as to Decedent, but due ultimately to his incarceration, service was never perfected upon Decedent. Had Decedent survived and completed his sentence, R.T. by and through Ms. Parker would have been entitled to recover said child support to the age of eighteen years. Though a precise calculation of child support arrears at a hypothetical future date is impossible, a reasonable estimate may be obtained by using the figure for two parents earning minimum wage where one parent has sole custody, which is ■■ per month over the course of 18 years. Tennessee applies ■■ interest to child support arrears.

| Year | Annual Support Due | Years of Interest | Interest @ 12% | Total Owed |
|------|--------------------|--------------------|----------------|------------|
| ■ | ■■ | ■ | ■■ | ■■ |
| ■ | ■■ | ■ | ■■ | ■■ |
| ■ | ■■ | ■ | ■■ | ■■ |
| ■ | ■■ | ■ | ■■ | ■■ |
| ■ | ■■ | ■ | ■■ | ■■ |
| ■ | ■■ | ■ | ■■ | ■■ |
| ■ | ■■ | ■ | ■■ | ■■ |
| ■ | ■■ | ■ | ■■ | ■■ |

3

| | | | | |
|---|---|---|---|---|
| ▮ | ▮▮ | ▮ | ▮▮ | ▮▮ |
| ▮ | ▮▮ | ▮ | ▮▮ | ▮▮ |
| ▮ | ▮▮ | ▮ | ▮▮ | ▮▮ |
| ▮ | ▮▮ | ▮ | ▮▮ | ▮▮ |
| ▮ | ▮▮ | ▮ | ▮▮ | ▮▮ |
| ▮ | ▮▮ | ▮ | ▮▮ | ▮▮ |
| ▮ | ▮▮ | ▮ | ▮▮ | ▮▮ |
| ▮ | ▮▮ | ▮ | ▮▮ | ▮▮ |
| ▮ | ▮▮ | ▮ | ▮▮ | ▮▮ |
| ▮ | ▮▮ | ▮▮ | ▮▮ | ▮▮ |

Totals:

        Total Principal: ▮▮▮▮
        Total Interest: ▮▮▮▮
        Total Arrearage Owed: ▮▮▮▮

Jose Torres was unmarried at the time of his death. His wrongful death beneficiaries under Tennessee and federal law are his heirs at law who are to benefit under a per-stirpes distribution.

As next friend of the minor Plaintiff, Plaintiff Parker possesses the authority to settle this action on their behalf.[1] Plaintiff Parker and CoreCivic Defendants have agreed, subject to the Court's approval, to a confidential compromised settlement agreement to resolve any and all claims against CoreCivic Defendants arising from or relating to the provision of wrongful death, civil rights violations to Decedent, Jose Torres by CoreCivic Defendants, and/or Jose Torres's

---

[1] *See* Fed. R. Civ. P. 17(c)(2) ("A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.").

4

death, as described above. The terms of the proposed settlement agreement are set forth in **Confidential Exhibit A** filed contemporaneously with this Motion.

Plaintiff Parker believes that the proposed settlement is fair and in the best interests of the R.T. The settlement addresses both the federal and state law claims. R.T., through her mother, is entitled to loss of consortium damages for the Tennessee state law claims. The amounts in the table above are demonstrable economic losses incurred as a result of the death of Decedent (independent of fault or liability). Plaintiff has sought to resolve the wrongful death claims in a fashion that is consistent with previous settlements of similar cases for the wrongful death of incarcerated persons based on inmate-on-inmate violence and to resolve the independent state law claims in a fashion that protects the rights of R.T. Plaintiff is entitled to settle all claims in this matter, subject to the Court's approval of the settlement as to R.T. The retainer between Plaintiff and counsel provides for a 1/3 contingency fee plus costs, and the out-of-pocket costs in the case advanced by counsel are

| Date Paid | Expense | Amount |
|:---:|:---:|:---:|
| ███████ | █████████████████ | ████ |
| ███████ | ██████ | ████ |
| ███████ | ██████ | ████ |
| ██████ | ███████ | ██████ |
| ███████ | █████████████ | ████ |
| ██████ | ████████████████████ | ██ |
| ██████ | ████████████████████ | ██ |
| █████ | █████████████████████ | ██ |
| | ██████████ | █████ |

The financial terms of the settlement are as follows:
Settlement Amount: ████████
Less Attorney Fee: ████████
Less Costs: ███████
**Total Settlement Proceeds:** ████████

Plaintiff Parker agreed to settle the case based on the foregoing settlement terms. The ultimate settlement of the claim is not contingent on the Court's acceptance of her proposed distribution below. R.T. maintains a slightly different claim then the other two adult heirs because she is a minor owed child support under Tennessee law and because she is the only heir to have pursued her own cause of action to the end of this litigation.

**Proposed Distribution:**

R.T. for State Law Claims/Unpaid Child Support/Loss of Consortium Damages: ████████[3]

To Heirs for Wrongful Death Noneconomic Damages:

R.T.: ████████

Torres-Justiniano: ████████

6

Torres Jr.: ████████

R.T. is 16 years old. Plaintiff alleges that the sums due to R.T. should be divided between funds to be held in trust until she attains the age of majority and funds distributed to her mother for her current needs. With this division, R.T. will in total recover ████████. Plaintiff proposes that ██████ be distributed to R.T.'s mother Tameka Parker to be used for reasonable and necessary expenses for the support of R.T. during the remainder of her minority. Plaintiff avers that the remaining sum of ██████ should be paid into the Clerk of Court to be held until R.T.'s 18th birthday or to be held in trust in any other manner the Court deems reasonable.[4]

**WHEREFORE, PREMISES CONSIDERED**, the Movants pray:

1. That this Court approve the settlement as proposed and set out in **Confidential Exhibit A**, filed contemporaneously with this Motion;

2. That this Court authorize the Plaintiff, Tamika Parker, as next friend and mother of the Minor Plaintiff, R.T. (minor child), to enter into the confidential release and settlement agreements described in **Confidential Exhibit A**.

3. That this matter be referred to the Magistrate Judge to consider approval of the settlement and direct further action, as the Court deems just.

4. That, upon approval of the settlement and payment of funds, CoreCivic Defendants are relieved and released from any and all future liability to the Plaintiff arising from or in any way related to the treatment of Jose Torres and/or Jose Torres's death, as described above;

5. That the funds be distributed as follows:

    a. ██████████ to Najmah Torres Justiniano

---

[4] In *Jarrett v. Shelby County*, cited above, the District Court ordered a relatively complex set of trust terms, however, Plaintiff avers that the sum involved in this case is insufficient to warrant the expense of administration of such a trust.

7

b.     ████████     to Jose Torres Jr.

c.     ████████     to Tameka Parker for the use and benefit of R.T.

d.     ████████     to the Clerk of Court for the Middle District of Tennessee to be held in

trust for R.T. until the date of her 18th birthday at which time it shall be paid to R.T.


Respectfully submitted,


/s/ *Brice M. Timmons, Esq.*
Brice M. Timmons. Esq. (BPR #29582)
Craig A. Edgington, Esq. (BPR #38205)
WATSON BURNS, PLLC
5865 Ridgeway Center Pkwy. #300
Memphis, TN 38120
(901) 529-7996
btimmons@watsonburns.com
cedgington@watsonburns.com
*Attorneys for Plaintiff*

8

## <u>CERTIFICATE OF SERVICE</u>

     I certify that a true and exact copy of the foregoing has been served via e-transmission and/or the Court's ECF filing system this 16th day of January 2026, on the following:

Joseph F. Welborn, III (#15076)
Erin Palmer Polly (#22221)
Terrence M. McKelvey (#36531)
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
terrence.mckelvey@klgates.com
erin.polly@klgates.com
joseph.welborn@klgates.com
*Counsel for Defendants CoreCivic, Inc.,*
*Trousdale County, Tennessee, Martin Frink,*
*and Jacqueline Norman*

                                           */s/ Brice M. Timmons*