IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TAMIKA PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:23-cv-00191 |
| | ) | |
| CORECIVIC, ET AL., | ) | JUDGE RICHARDSON |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

This case came before the Court for a hearing on "Plaintiff's Unopposed Motion for Minor Settlement'" (Doc. No. 123-1, "Motion for Settlement"),[1] filed by Plaintiff, Tamika Parker. As discussed with the parties at the hearing, and without opposition, the Court rules as follows:

1. That the Motion for Settlement is **GRANTED**, and that the Court approves the settlement as proposed and set out in a sealed exhibit ("Settlement Agreement")[2] to the Motion for Settlement.

2. That this Court authorizes Plaintiff, Tamika Parker, as next friend and mother of the Minor Plaintiff, R.T. (minor child), to enter into the confidential release and settlement agreements described in the Settlement Agreement.

---

[1] The citation here is to a redacted version of the Motion for Settlement. An unredacted version of the Motion for Settlement is located, under seal, at multiple places on the docket. The Clerk's Office will note that (presumably because the unredacted version of the Motion for Settlement is under seal) the Motion for Settlement is not currently reflected on the docket as a pending motion.

[2] A sealed (and unredacted) version of the Settlement Agreement is found at multiple places on the docket. Consistent with an order of the Court (Doc. No. 129), no redacted version of the Settlement Agreement was filed on the docket.

3. That, upon full payment of the required settlement funds, Defendants shall be relieved and released from any and all future liability to the Plaintiff arising from or in any way related to the treatment of Jose Torres and/or Jose Torres's death, as described in the Motion for Settlement.

4. That the funds be distributed as follows:

[redacted]

[redacted]

[redacted]

[redacted]

Also pending before the Court is "Plaintiff's Motion Regarding Sealed Exhibits to Plaintiff's Response to Defendant's Motion for Summary Judgment" (Doc. No. 102, "Sealed-Documents Motion"), which relates to seven specific documents ("Sealed Documents") that Plaintiff filed under seal in response to Defendant's Motion for Summary Judgment (Doc. No. 81, "Summary-Judgment Motion"). Via the Sealed-Documents Motion, Plaintiff requests that three of the Sealed Documents remain under seal and that four of them be unsealed.

Likewise pending before the Court is "Defendants' Motion to Seal Response in Opposition to Motion for Summary Judgment, Reply in Support of Motion for Summary Judgment, and docket entries 96, 98, and 101" (Doc. No. 116, "Defendants' Motion to Seal," and, together with the Sealed-Documents Motion, the "Sealing-Related Motions"). Via Defendants' Motion to Seal, Defendants seek to file numerous documents filed in support of or in opposition to the Summary-Judgment Motion.

In the interests of judicial economy, which would be ill-served by expending the (significant and very precious) judicial resources that would be required to address the Sealing-Related Motions on the merits, the Court resolves the Sealing-Related Motions as reflected in the following paragraph.

To begin with, the Court notes that its decision approving the parties' proposed settlement was not influenced in any way by the Summary-Judgment Motion or any of the filings in support of or in opposition

to the Summary-Judgment Motion (Doc. No. 81). Second, and relatedly, there is no reason for the Court to decide the Summary-Judgment Motion, in light of the instant order approving the parties' settlement. Third, because the Summary-Judgment Motion neither was decided on the merits nor played any part in the resolution of this law suit—i.e., the Court's approval of the parties' proposed settlement—both the Summary-Judgment Motion and all filings made in support of or opposition to the Summary-Judgment Motion (i.e., Docket Nos. 81-90 and 92-101) can and shall be **STRICKEN** from the docket. Finally, with all such filings stricken, the Sealing-Related Motions (Doc. Nos. 102, 116) are both moot and hereby are **DENIED** accordingly.

The Clerk is directed to enter judgment under Federal Rule of Civil Procedure 58 and close the file.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE